**KBI SECURITY SERVICE, INC.,
Petitioner–Cross–Respondent,**

v.

**NATIONAL LABOR RELATIONS
BOARD, Respondent–Cross–
Petitioner,**

Nos. 1708, 1771, Dockets 95–
4142(L), 95–4176(XAP).

United States Court of Appeals,
Second Circuit.

Argued June 4, 1996.

Decided July 1, 1996.

Ronald Cohen, Ingber & Ingber, New York City, for Petitioner Cross–Respondent KBI Security Service.

John D. Burgoyne, Washington, D.C. (Frederick L. Feinstein, Linda Sher, Aileen A. Armstrong, National Labor Relations Board), for Respondent Cross–Petitioner National Labor Relations Board.

Before: NEWMAN, Chief Judge, JACOBS and CABRANES, Circuit Judges.

JACOBS, Circuit Judge:

KBI Security Service, Inc. ("KBI") petitions for review of a decision and order of the National Labor Relations Board (the "Board") affirming an administrative law judge's findings that (i) KBI supervisors uttered coercive remarks to employees while questioning them about their union activities, in violation of section 8(a)(1) of the National Labor Relations Act, 29 U.S.C. § 158(a)(1) (the "Act"); and (ii) KBI otherwise interrogated employees and discharged two of them by reason of their union activity, in violation of section 8(a)(1), (3) and (4) of the Act. The Board cross-petitions for enforcement of its order which, among other things, requires KBI to reinstate the two discharged employees.

Because KBI filed no exceptions to the Board's finding that KBI supervisors interrogated employees about union membership, we lack jurisdiction to review that portion of the Board's decision. And because KBI filed no answer to the complaint that alleged KBI's retaliatory discharge of the two employees, we affirm the Board's decision deeming those allegations true. But because the record discloses the likelihood that one or both of the discharged employees committed theft, we are convinced that the Board's order is insufficiently "tailored to the unfair labor practice it is intended to redress," *Sure–Tan, Inc. v. NLRB*, 467 U.S. 883, 900, 104 S.Ct. 2803, 2813, 81 L.Ed.2d 732 (1984), and would place an undue burden on the employer if enforced. *Fibreboard Paper Prods. Corp. v. NLRB*, 379 U.S. 203, 216 & n.

10, 85 S.Ct. 398, 405–06 & n. 10, 13 L.Ed.2d 233 (1964). We therefore decline to enforce the portion of the order that requires the two employees to be reinstated and awarded backpay, and remand to the Board for a further determination as to the appropriate remedy.

## BACKGROUND

KBI is in the business of providing security guards for commercial clients. In November 1993, several employees at KBI's branch office in Bridgeport, Connecticut engaged in organizing activities with the goal of becoming represented by the International Union, United Plant Guard Workers of America (the "Union"). On December 17, 1993, the Union filed an election petition with the Board's regional office in Hartford. KBI's response to the union organizing activity resulted in the filing of two unfair labor practice complaints.

*The May complaint.* On May 25, 1994, the Board's regional office issued a complaint (the "May complaint") alleging that KBI interrogated several employees in violation of section 8(a)(1) of the Act. Specifically, the complaint alleged that in late December 1994, supervisors Angel Rivera and Kenneth Cruzado,[1] acting at the direction of the owner of KBI, interrogated KBI employees about their union membership, sympathies and activities. On June 22, 1994, Anthony Netto, the Bridgeport branch manager, filed an answer denying the allegations set forth in the complaint. Netto is not a lawyer.

*The September complaint.* On August 4, 1994, the Union filed additional charges against KBI with the Board's regional office, asserting that KBI discharged two employees because of their union activities. The regional office forwarded those charges to KBI by letter dated August 5, 1994, and solicited KBI's response. In a letter to the regional office dated August 30, Netto responded that the Union's charges were "totally false."

On September 28, 1994, the regional office issued a second complaint (the "September complaint"), alleging that (i) KBI again interrogated its employees about their union activity and engaged in other coercive activity; and (ii) KBI "refused to recall" two employees, Hector Rosenthal and Orlando Febus, in retaliation for their organizing activities and for their participation in an ongoing investigation of KBI that was being conducted by the Board. The September complaint made clear that the Board's rules and regulations required KBI to file an answer with the regional office within 14 days "and that, unless [KBI] does so, all the allegations in the complaint shall be considered to be admitted to be true and shall be so found by the Board." KBI failed to file an answer within the time allowed. Prior to the scheduled hearing date, the regional office contacted Netto by telephone and "indicated to him that [an] answer was required under the rules." Netto retorted that he had "already responded to everything, and did not intend to file an answer."

*The ALJ's Conclusions.* On November 9 and 10, 1994, Administrative Law Judge Stephen J. Gross (the "ALJ") conducted a hearing on the unfair labor practices alleged in both complaints. At the outset, the General Counsel's office moved that the allegations of the September complaint be deemed admitted in view of KBI's failure to file an answer. KBI—still appearing by branch manager Netto—contended that Netto's August 30 letter to the Board's regional office was a sufficient answer to that complaint. The ALJ reserved decision and heard evidence concerning the allegations in both complaints.

Of relevance to this appeal, KBI presented evidence that Rosenthal or Febus, or both of them, committed theft while on assignment to a Saturn automobile dealership. Documentary evidence was presented that $133 in phone calls were made at the Saturn dealership during an evening when Rosenthal and Febus were on duty. In addition, two witnesses testified that the Saturn dealership was robbed on several evenings when Rosenthal or Febus was on duty. Because there was no evidence of forced entry, some suspicion focused on the KBI guards. As a result

---

**1.** KBI does not appeal the determination of the administrative law judge that Rivera was acting as a supervisor at the time of the interrogations. KBI conceded that Cruzado is a supervisor.

of these thefts, KBI contended that the Saturn dealership terminated its security relationship with KBI.

In an order dated November 28, 1994, the ALJ deemed admitted the allegations in the September complaint by reason of KBI's default. On April 20, 1995, after further briefing by the parties, the ALJ issued a decision and recommended order finding that KBI committed the unfair labor practices alleged in both complaints. With respect to the May complaint, the ALJ determined that KBI had interrogated its employees regarding their participation in protected activity, in violation of section 8(a)(1) of the Act. With respect to the September complaint, the ALJ affirmed his November 28, 1994 decision deeming the allegations therein admitted, and accordingly determined that KBI had engaged in coercive activity and had illegally terminated Rosenthal and Febus, in violation of section 8(a)(1), (3) and (4) of the Act. Among other forms of relief, the ALJ ordered KBI to reinstate Rosenthal and Febus.

In a two-page letter addressed to the ALJ dated May 16, 1995, KBI set forth its objections to the ALJ's decision. It appears that that letter was filed with the Board as a formal statement of exceptions to the ALJ's order and recommendation. On August 9, 1995, a three-member panel of the National Labor Relations Board adopted the ALJ's recommended order in its entirety.

## DISCUSSION

A. *Finding of Impermissible Interrogation.*

██ KBI failed to file exceptions with the Board challenging the ALJ's determination that KBI impermissibly interrogated several employees about their union activity. For that reason, the Board contends that we lack jurisdiction to review that determination. We agree.

██ Section 10(e) of the Act grants this Court jurisdiction to hear petitions from the Board and from parties aggrieved by the Board's determinations. *See* 29 U.S.C. § 160(e). Section 10(e) states in relevant part:

No objection that has not been urged before the Board, its member, agent, or agency, shall be considered by the [appellate] court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances.

*Id.* Under the Board's regulations, "[n]o matter not included in exceptions or cross-exceptions may thereafter be urged before the Board, or in any further proceeding." 29 C.F.R. § 102.46(g) (1996). It is well-established that a party's failure to raise an issue before the Board "prevents consideration of the question by the courts." *Woelke & Romero Framing, Inc. v. NLRB,* 456 U.S. 645, 666, 102 S.Ct. 2071, 2083, 72 L.Ed.2d 398 (1982); *see also National Maritime Union v. NLRB,* 867 F.2d 767, 775 (2d Cir.1989) ("No exception to the ALJ's ruling was filed by the Union or the General Counsel; therefore, the Union may not be heard to argue on appeal that the ALJ's ruling was erroneous."). In a two-page letter dated May 16, 1995, KBI set forth its exceptions to the ALJ's decision. That letter takes exception to particular findings by reference to specific pages and lines of the ALJ's decision. However, none of these exceptions references the portion of the ALJ's opinion that finds KBI liable for illegally interrogating its employees. The Board was therefore correct in finding that "[t]here are no exceptions to the judge's disposition of issues presented in Case 34–CA–6495."[2] In addition, KBI points to no "extraordinary circumstance" that might excuse its failure to take exception to that portion of the ALJ's opinion. Accordingly, we lack jurisdiction to review the Board's finding that KBI impermissibly interrogated its employees.

B. *Admission of Allegations.*

With respect to the termination of Rosenthal and Febus as alleged in the September complaint, KBI contends that the ALJ erred in deeming those allegations to be true. We find no error.

██ The Board is authorized by statute "to make ... such rules and regulations as may be necessary to carry out the provisions

2. That case number corresponds to the illegal interrogation charge.

of" the Act. 29 U.S.C. § 156. The Board is vested with broad discretion in interpreting and applying its own rules. *American Hospital Ass'n v. NLRB*, 499 U.S. 606, 613, 111 S.Ct. 1539, 1543–44, 113 L.Ed.2d 675 (1991). A reviewing court will set aside the Board's construction of its own rules only where the Board has acted in a fashion "so arbitrary as to defeat justice." *Father & Sons Lumber & Bldg. Supplies, Inc. v. NLRB*, 931 F.2d 1093, 1096 (6th Cir.1991) (internal quotation marks and citation omitted). As the September complaint states for the benefit of the respondent, the Board's rules provide that a respondent must file an answer within 14 days of receiving a complaint. 29 C.F.R. § 102.20. If no answer is filed, "[a]ll allegations in the complaint . . . shall be deemed to be admitted to be true and shall so be found by the Board unless good cause to the contrary is shown." *Id.* Other circuits have upheld Board decisions deeming allegations admitted. *See, e.g., NLRB v. Continental Hagen Corp.*, 932 F.2d 828, 831 (9th Cir. 1991) (affirming grant of default judgment where employer failed to file answer to complaint); *Father and Sons Lumber*, 931 F.2d at 1096 (same); *NLRB v. Dane County Dairy*, 795 F.2d 1313, 1320–21 (7th Cir.1986) (same).

■ On September 30, 1994, KBI received the September complaint and notice of hearing. KBI failed to file an answer to that complaint, even after being informed by the Board's regional office (both in writing and by telephone) that the Board's rules required a responsive pleading. On appeal, KBI contends that the August 30, 1994 letter from Netto to the Board's regional office, which states in part that the "allegations by Mr. Hector Rosenthal and Mr. Orlando Febus are totally false," was a sufficient answer to the September complaint. That letter, however, responded to an August 5, 1994 letter from the Board's regional office informing KBI that the Union had filed an unfair labor practice charge.[3] The complaint with respect to that charge was filed on September

28, 1994. Netto's August 30 letter was no answer to that complaint. We therefore hold that the ALJ properly deemed the allegations contained in that complaint to be true, and thus properly held KBI liable for illegally discharging the two employees.

### C. *Remedial Order.*

■ The Board's remedial order requires KBI to reinstate Febus and Rosenthal. KBI objects to enforcement of the reinstatement order, apparently because KBI has "no work" for Febus or Rosenthal, and because KBI would have terminated Febus and Rosenthal (regardless of their union activity) by reason of the thefts at the Saturn dealership.

■ We have jurisdiction "to make and enter a decree enforcing, modifying, and enforcing as so modified, or setting aside in whole or in part the order of the Board." 29 U.S.C. § 160(e), (f). "Although we cannot substitute our judgment for the [B]oard's, we have the authority to modify an order to ensure that it does effectuate [the Act's] policies." *NLRB v. Future Ambulette, Inc.*, 903 F.2d 140, 144 (2d Cir.1990). Where the Board's order is insufficiently "tailored to the unfair labor practice it is intended to redress," *Sure–Tan, Inc. v. NLRB*, 467 U.S. 883, 900, 104 S.Ct. 2803, 2813, 81 L.Ed.2d 732 (1984), or is unduly burdensome on the employer, *Fibreboard Paper Prods. Corp. v. NLRB*, 379 U.S. 203, 216 & n. 10, 85 S.Ct. 398, 405–06 & n. 10, 13 L.Ed.2d 233 (1964), it may be modified. *See, e.g., Olivetti Office U.S.A., Inc. v. NLRB*, 926 F.2d 181, 189–90 (2d Cir.) (modifying order), *cert. denied*, 502 U.S. 856, 112 S.Ct. 168, 116 L.Ed.2d 132 (1991); *Holo–Krome Co. v. NLRB*, 907 F.2d 1343, 1347–48 (2d Cir.1990) (same).

In the November 28, 1994 order that directs reinstatement of Febus and Rosenthal, the ALJ recorded his "impression" that Febus or Rosenthal, or both of them, had engaged in wrongdoing at the Saturn dealership, and expressed queasiness about

---

**3.** A charge is filed with the Board by the union or employer, and is the first step in the initiation of an unfair labor practice proceeding. 29 C.F.R. § 102.9. A charge does not require a responsive pleading, and the Board may file a complaint based on a charge at its discretion. *Id.* § 102.15. The Board's filing of a complaint formally initiates an unfair labor practice proceeding. 29 U.S.C. § 160(b); 29 C.F.R. § 102.20.

ordering a security service to employ a thief:

> This is a disagreeable order to have to issue.... [T]he impression I gained during the hearing is that [ ] one of the two alleged discriminatees may have behaved reprehensibly during the time he purported to guard the premises of one of KBI['s] customers—or, in the very least, that KBI may have had good reason to think that the employee behaved in this manner. Granting the General Counsel's motion [to deem admitted the allegations in the complaint] precludes any further consideration of these possibilities and thus could mean that an employee who abused the trust he had been accorded will receive backpay and a reinstatement offer.

 If, in fact, Febus or Rosenthal engaged in theft while guarding a client of KBI, the remedy crafted here is inappropriate. A default judgment does not relieve the Board from considering the propriety of a remedy such as reinstatement. We conclude that reinstatement of a thief to a position with a security company is not an automatic remedy—and may not be a permissible remedy. Such a remedy is not tailored to the redress of an unfair labor practice, see Sure–Tan, 467 U.S. at 900, 104 S.Ct. at 2813, and would impose an undue burden on KBI and its employees—who might find themselves unemployed if KBI attained a reputation for employing untrustworthy guards. See Fibreboard Paper, 379 U.S. at 216, 85 S.Ct. at 405–06. It appears from the ALJ's November 28 decision that he erroneously thought he lacked authority to consider the evidence concerning theft in formulating the remedy, and therefore misapprehended his power and duty to craft a remedy that was properly tailored to the circumstances of this case. The Board saw nothing remarkable about the remedial order.

The record before us, however, does not show whether it was Febus or Rosenthal, individually or together, who engaged in the thefts. Nor can we determine from the ALJ's order (which is cast in terms of his impression) whether the ALJ made a finding on this issue. We therefore modify the text of the Board's order by striking from it the sections that require Febus and Rosenthal to be reinstated with backpay; and we modify the notice that KBI is required to post by striking the paragraphs that refer to Febus and Rosenthal. We enforce the Board's order as modified, and remand to the Board for a further determination as to whether it is an appropriate remedy under the circumstances of this case to reinstate Febus and Rosenthal. In fashioning a proper remedy on remand, the Board has the authority and duty to consider all evidence and testimony introduced at the hearing and to remand to the ALJ as may be necessary for further development of the record.

### CONCLUSION

We lack jurisdiction to review that portion of the Board's decision finding KBI liable for impermissibly interrogating its employees. The Board's finding that KBI refused to recall Febus and Rosenthal in violation of the Act is affirmed, and the Board's order is enforced as modified herein. This case is remanded to the Board for a further determination as to whether reinstatement is an appropriate remedy.