16-2954(L)
*NLRB v. Rochester Regional Union, Local 14A*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of May, two thousand seventeen.

PRESENT:
> RICHARD C. WESLEY,
> SUSAN L. CARNEY,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

NATIONAL LABOR RELATIONS BOARD,

> *Petitioner-Cross-Respondent*,

XEROX CORPORATION,

> *Intervenor*,

> v.

ROCHESTER REGIONAL JOINT BOARD, LOCAL 14A,

> *Respondent-Cross-Petitioner.*

_____

Nos. 16-2954 (L),
16-3187 (Con)

FOR PETITIONER-CROSS-RESPONDENT
NATIONAL LABOR RELATIONS BOARD: DAVID A. SEID (Jill A. Griffin, Supervisory Attorney, *on the brief*), *for* Richard F. Griffin, Jr., General Counsel, Jennifer Abruzzo, Deputy General Counsel, John H. Ferguson, Associate General Counsel, Linda Dreeben, Deputy Associate General Counsel, National Labor Relations Board, Washington, DC.

FOR INTERVENOR
XEROX CORPORATION: MICHAEL A. HAUSKNECHT (Kimberly K. Harding, *on the brief*), Nixon Peabody LLP, Rochester, NY.

FOR RESPONDENT-CROSS-PETITIONER
ROCHESTER REGIONAL JOINT BOARD,
LOCAL 14A: MICHAEL T. HARREN, Trevett, Cristo, Salzer & Andolina, P.C., Rochester, NY.

On petition for enforcement of the April 29, 2016 decision and order of the National Labor Relations Board and cross-petition for review.

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for enforcement is **GRANTED** and the petition for review is **DENIED**.

The National Labor Relations Board ("NLRB") petitions for enforcement and the Rochester Regional Joint Board, Local 14A, (the "Union") cross-petitions for review of the NLRB's April 29, 2016 decision and order. The decision adjudicated the grievances of the Union and the employer, Xerox Corporation ("Xerox"). In its grievance, the Union accused Xerox of violating Article XXII of their collective bargaining agreement ("CBA") by subcontracting certain property management work to an outside management company, Jones Lang LaSalle Americas, Inc. ("JLL"). In its cross-grievance, Xerox argued that the Union's proposed reading of Article XXII would render the provision unlawful and further, that by attempting to enforce that unlawful reading, the Union violated the National Labor Relations Act ("NLRA" or "Act"). The administrative law judge ("ALJ") who first heard

these grievances found, principally, two violations of the National Labor Relations Act. First, she concluded that Article XXII violated Section 8(e) of the Act. Section 8(e) makes it an unfair labor practice for a union and employer to enter into a contract that interferes with the employer's ability to conduct business with others, and it deems such contracts unenforceable. *See* 29 U.S.C. § 158(e).[1] In the ALJ's view, Article XXII was properly interpreted (as the Union urged) to limit subcontracting, but that limitation also made the provision void under Section 8(e). Second, the ALJ found that the Union's conduct violated Section 8(b)(4)(ii)(A) and (B). These provisions make it an unfair labor practice for a labor union "to threaten, coerce, or restrain" an employer in order to "forc[e] or require [the employer] to . . . enter into any agreement which is prohibited by [NLRA] subsection 8(e)" or "cease doing business with any other person." 29 U.S.C. § 158(b)(4)(ii)(A), (B). According to the ALJ, the Union violated these provisions when it filed the NLRB grievance and a federal lawsuit seeking to prevent Xerox from subcontracting property management to JLL.

The Union sought the NLRB's review. The NLRB reversed the ALJ's Section 8(e) ruling as to Article XXII, concluding that Article XXII is not susceptible to the Union's proffered interpretation. As to the ALJ's determination that the Union's conduct violated Section 8(b)(4)(ii)(A) and (B), the NLRB found that the Union waived review of those rulings when it failed to specify its objections to them in its exceptions to the ALJ's ruling.

The Board now petitions for enforcement and the Union cross-petitions for review. On petition for review, we will enforce the NLRB's "order if its legal conclusions have a reasonable basis in law" and its factual findings are "supported by substantial evidence." *N.L.R.B. v. Special Touch Home Care Servs., Inc.*, 708 F.3d 447, 453 (2d Cir. 2013) (internal

---

[1] Section 8(e) provides in relevant part:

> It shall be an unfair labor practice for any labor organization and any employer to enter into any contract . . . whereby such employer ceases or refrains or agrees to . . . cease doing business with any other person, and any contract or agreement entered into heretofore or hereafter containing such an agreement shall be to such extent unenforc[ea]ble and void.

29 U.S.C. § 158(e).

quotation marks omitted). We assume the parties' familiarity with the underlying facts and the procedural history of this case, to which we refer only as necessary to explain our decision to grant enforcement and deny the petition for review.

In its cross-petition, the Union asserts that the Board erred in treating its Section 8(b)(4) arguments as waived. It argues that its exceptions identifying the Section 8(e) rulings as grounds for review should be read to encompass challenges to the ALJ's Section 8(b)(4) rulings as well, as they are necessarily related. We are not convinced. In proceedings before the NLRB, Section 10(e) of the NLRA governs waiver. Section 10(e) provides in pertinent part: "No objection that has not been urged before the [NLRB] . . . shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances." 29 U.S.C. § 160(e). The NLRB enforces this statutory provision through its regulations, which require as a prerequisite to NLRB review, that a party file a detailed list of exceptions to an ALJ's decision. They provide: "Any exception to a ruling, finding, conclusion, or recommendation which is not *specifically* urged will be deemed to have been waived. Any exception which fails to comply with the foregoing requirements may be disregarded." 29 C.F.R. § 102.46(a)(1)(ii) (emphasis added). Even more, an exception must "[p]rovide precise citations of the portions of the record relied on" and "[c]oncisely state the grounds for the exception." *Id.* § 102.46(a)(1)(i)(C)-(D). The consequences of failing to meet this standard are significant. As we have long held, "a party's failure to raise an issue before the [NLRB] 'prevents consideration of the question by the courts.'" *KBI Sec. Serv., Inc. v. N.L.R.B.*, 91 F.3d 291, 294 (2d Cir. 1996) (quoting *Woelke & Romero Framing, Inc. v. N.L.R.B.*, 456 U.S. 645, 665 (1982)); *see also N.L.R.B. v. DeBartelo*, 241 F.3d 207, 211 n.6 (2d Cir. 2001) (per curiam) ("[W]e have no power to entertain this line of argument because respondent failed to take exception below to the factual findings."); *Nat'l Mar. Union of Am., AFL-CIO v. N.L.R.B.*, 867 F.2d 767, 775 (2d Cir. 1989) ("No exception to the ALJ's ruling was filed by the Union or the General Counsel; therefore, the Union may not be heard to argue on appeal that the ALJ's ruling was erroneous.").

The Union's exceptions to the ALJ opinion flagged as an issue only whether Article XXII violated Section 8(e); they neither referred to the portion of the ALJ's opinion that

4

discussed the Union's purported Section 8(b)(4) violations, nor did they identify those sections as authority relevant to the Union's petition. The Union urges us nonetheless to find that it preserved the challenge through its reply brief to the NLRB, where it articulated for the first time why the ALJ should not have found Section 8(b)(4) violations. But a party's discussion in a reply brief does not satisfy the obligation to identify specifically in its exceptions all portions of the ALJ's opinion for which the party seeks the NLRB's review. *See N.L.R.B. v. GAIU Local 13-B, Graphic Arts Int'l Union*, 682 F.2d 304, 311 (2d Cir. 1982) (explaining that relevant regulations require "the parties to raise by exceptions or cross-exceptions all issues they desire the [NLRB] to consider in reviewing an ALJ's decision"). We cannot fault the NLRB for treating the Union's Section 8(b)(4)(ii) argument as waived.

The Union next argues that, even if it failed to preserve its argument through its exceptions, the NLRB's reversal of the ALJ's ruling about the meaning of Article XXII also dictated, implicitly, a legal conclusion that the Union acted legally in urging enforcement of the provision. From this premise, it invites us to conclude that its Section 8(b)(4)(ii) challenge was adequately preserved. But as a preliminary matter, the Union has failed to identify any basis allowing this Court to look beyond its failure to specify the exception. *See KBI Sec. Serv., Inc.*, 91 F.3d at 294 (finding the court "lack[ed] jurisdiction" because "none of [the petitioner's] exceptions references the portion of the ALJ's opinion that finds [petitioner] liable for illegally interrogating its employees"). The sole statutory exception to Section 10(e)'s waiver provision requires a showing of "extraordinary circumstances." 29 U.S.C. § 160(e). The Union does not argue, however, that such circumstances are present here.

Even were we to find such circumstances before us and to address the Union's argument, however, we would reject it. The legality of Article XXII as written presents a legal issue distinct from the lawfulness of the Union's attempts to exact compliance with its interpretation of the contract. The conclusion that these issues are independent, and that the NLRB's reversal of one did not implicitly undermine the other, is apparent on close examination of the ALJ's decision. As described above, the ALJ adopted the Union's interpretation of Article XXII that purportedly prohibited subcontracting. But, the ALJ

5

found, this interpretation resulted in a violation of Section 8(e) and therefore rendered Article XXII void. The ALJ next found that the Union violated Section 8(b)(4)(ii), which applies when a union advances a reading of a contract that would, if adopted, have an unlawful effect. *See In Re Newspaper & Mail Deliverers Union of N.Y. & NYP Holdings, Inc.*, 337 N.L.R.B. 608, 609 (2002) ("*New York Post*") ("The [NLRB] has held that a union violates Section 8(b)(4) by filing a grievance based on a reading of a portion of the collective-bargaining agreement that would effectively convert it into an unlawful Section 8(e) provision."); *United Bhd. of Carpenters & Joiners of Am. & SC Pac. Corp.*, 312 N.L.R.B. 903 (1993); *Int'l Union of Elevator Constructors, AFL-CIO, & Local Union 3, Int'l Union of Elevator Constructors, AFL-CIO & Long Elevator & Mach. Co.*, 289 N.L.R.B. 1095 (1988) ("*Long Elevator*"). In light of her earlier determination that Article XXII violated Section 8(e), the ALJ easily concluded that the Union's attempts to enforce the agreement through its grievance and suit advanced a reading of a contract that would, if adopted, have unlawful effect. *See* Joint Appendix 37 (citing *New York Post*, 337 N.L.R.B. at 608).

The NLRB reversed the ALJ's determination about the meaning of Article XXII and thus the provision's facial lawfulness. But in doing so, we think it did not void the ALJ's determinations that the Union violated Section 8(b)(4)(ii)(A) and (B), contrary to what the Union contends. As *New York Post* and other authorities cited by the ALJ confirm, a union's conduct with respect to a collective bargaining agreement may violate Section 8(b)(4)(ii) irrespective of the facial validity of the operative provision. *See New York Post*, 337 N.L.R.B. at 609; *see also Am. President Lines, Ltd. v. Int'l Longshore & Warehouse Union, Alaska Longshore Div., Unit 60*, 721 F.3d 1147, 1155 (9th Cir. 2013) ("The NLRB has repeatedly confirmed that a union can violate Section 8(b)(4) by advancing an improper interpretation of a contractual clause . . . ."). The NLRB held that the ALJ incorrectly interpreted Article XXII, but it did not address whether the Union's interpretation, if adopted, would have violated Section 8(e). We therefore conclude that the ALJ's Section 8(e) determination, concerning contracting, and Section 8(b)(4) determination, concerning conduct, are independent, and the Union's argument—that it has preserved the issue of the legality of its conduct—fails.

\*        \*        \*

6

We have considered all of the parties' remaining arguments and find them to be without merit. Accordingly, the petition for enforcement is **GRANTED**, and the cross-petition for review is **DENIED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court